**In re Marvin V. RIDGELY, Debtor.**

**Bankruptcy No. 88–20224–DPM.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

Nov. 8, 1988.

J. William Holliday, Kahoka, Mo., for debtor.

David A. Warfield, St. Louis, Mo. for Farm Credit Bank of St. Louis.

## ORDER

DAVID P. McDONALD, Bankruptcy Judge.

### BACKGROUND

The Debtor in this case filed his voluntary petition for relief under Chapter 11 on the morning of September 9, 1988. This petition stayed the foreclosure sales that were scheduled for later that day by The Farm Credit Bank of St. Louis. The Farm Credit Bank of St. Louis holds a first lien on Debtor's real property located in Lewis, Clark and Monroe Counties.

On October 17, 1988, the Debtor filed a Motion To Convert the Chapter 11 petition to a Chapter 12 proceeding. In the Motion to Convert, Debtor states that since the filing of the Chapter 11 petition, many of the debts had either been settled and discharged or reduced, thus allowing the Debtor to qualify for a Chapter 12 bankruptcy. The Debtor's Schedule of Assets and Liabilities originally indicated a total debt of $2,014,530.01. After the reduction of debt, the Debtor claims his total debt is under the $1,500,000 debt requirement for Chapter 12 eligibility contained in 11 U.S.C. § 101(17)(A). A hearing on this motion was held on October 25, 1988 in the U.S. District Court in Hannibal, Missouri.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), which the Court may hear and determine.

### DISCUSSION

It is conceded by the Debtor that at the time he filed his Chapter 11 case, he could not file under Chapter 12 because his total debt was in excess of the $1,500,000 limitation contained in 11 U.S.C. § 101(17)(A). The sole issue is whether he can now convert to Chapter 12 since he currently meets the dollar limitation but did not meet that requirement when he filed his Chapter 11 case.

The following are three relevant code sections:

A. 11 U.S.C. § 101(17)(A) which clearly states that for a debtor to qualify as a "family farmer", he must qualify under the standards set out in Section 101(17)(A) "on the date the case is filed".

B. Bankruptcy Code Section 348(a) which states that the conversion of a case from one chapter to another does not "effect a change in the date of the filing of the petition ..."

C. 11 U.S.C. § 1112(d)(3) which permits conversion from Chapter 11 to Chapter 12, but "only if the debtor requests such conversion and this conversion is equitable."

Although there are no cases that directly address the issue in this case, the statutory language of the preceding Code sections are clear and support the conclusion that in order for a debtor to convert from a Chapter 11 case to a case under Chapter 12, that debtor must have fulfilled the requirements of Section 101(17)(A) as of the date he filed his Chapter 11 petition. For these reasons, it is

ORDERED that the Debtor's Motion To Convert from a Chapter 11 case to a Chapter 12 case be DENIED since he was unable to qualify as a family farmer under Section 101(17)(A) as of the date of the filing of his bankruptcy petition.